UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Robert P. Hull**

   **v.**                                            Case No. 10-cv-356-PB
                                                      Opinion No. 2011 DNH 042

**Borough of Point Pleasant Beach, et al.**

**MEMORANDUM AND ORDER**

Robert Hull has sued the Borough of Point Pleasant Beach, New Jersey, the Mayor, and various other named and unnamed Borough officials and employees. Defendants have responded with a motion to dismiss for lack of personal jurisdiction.

**I.  FACTUAL ALLEGATIONS**

Hull resided in Point Pleasant until 2004, when he moved to New Hampshire. In 2007 and 2008, Borough officials caused bogus code enforcement complaints to be brought against Hull in the local municipal court. Some of the documents associated with the complaints listed an outdated New Jersey address for Hull and others listed his address in New Hampshire. At least one notice was sent to Hull's New Hampshire address. At the time

the complaints were filed, at least some of the defendants knew that Hull had moved to New Hampshire.

Hull did not learn that the complaints had been filed while they were pending and therefore he did not respond to the complaints. Although at least some of the defendants knew that Hull had not received notice of the complaints, they asked the court to enter default judgments with respect to the complaints and the court complied with their requests. Further, although at least some of the defendants knew or should have known that Hull had surrendered his New Jersey driver's license when he moved to New Hampshire, they asked the court to suspend Hull's non-existent New Jersey license and the court complied with their requests.

New Jersey and New Hampshire both participate in the National Drivers Register. Participating states notify the Register when a person's driver's license is suspended and states routinely check the database of suspended licenses when someone either applies for a driver's license or seeks to renew an existing license. The state of New Jersey reported Hull's license suspension to the Register and New Hampshire refused to

renew Hull's license when it checked the Register and learned that Hull's New Jersey license had been suspended. As a result, Hull was denied a New Hampshire driver's license from August 2008 until December 2008.

According to Hull's complaint, "it was known, intended, or reasonably foreseeable" to at least some of the defendants that New Hampshire officials would refuse to renew his New Hampshire license after they learned that Hull's New Jersey license had been suspended.

## II.  ANALYSIS

### A.  The Relatedness Standard

Defendants are entitled to have the complaint dismissed because the court lacks personal jurisdiction.

As both parties have acknowledged, relatedness is an essential requirement for a claim of personal jurisdiction. In a prior opinion, I explained that

> The First Circuit has interpreted relatedness to require a connection of proximate cause between the defendant's contacts and the plaintiff's claim. See Nowak, 94 F.3d at 715. This proximate cause standard, which highlights the importance of foreseeability to the due process inquiry, "enable[s] defendants better

>
> to anticipate which conduct might subject them to the
> state's jurisdiction." Id.  When, as in this case,
> the plaintiff's claim sounds in tort, the proximate
> cause standard requires the plaintiff to demonstrate
> both "cause in fact (i.e., the injury would not have
> occurred 'but for' the defendant's forum-state
> activity) and legal cause (i.e., the defendant's in-
> state conduct gave birth to the cause of action)."

Dagesse v. Plant Hotel N.V., 113 F. Supp. 2d. 211, 216 (D.N.H. 2000) (internal citations and quotations omitted).  The First Circuit has explained that constitutional claims ordinarily should be analyzed in the same way as tort claims when evaluating a personal jurisdiction question.  Hamon v. Beard, 524 F.3d 275, 282 (1st Cir. 2008).  Accordingly, I apply the law as I explained it in Dagesse in resolving the present dispute because it involves claims based on the NH state and federal constitutions.

**B.   Application**

Hull bases his relatedness argument entirely on two facts: (1) the fact that he lost his driving privileges for a time in New Hampshire as a result of defendants' actions in New Jersey; and (2) the fact that at least one "bogus notice" concerning the New Jersey complaints was sent to Hull in New Hampshire. Neither fact is sufficient to establish relatedness.  First,

4

even if I accept Hull's conclusory assertions that it was "known, intended, and/or reasonably foreseeable" by two or more defendants that: (1) the municipal court in New Jersey would suspend Hull's license for defaulting on the code enforcement complaints; (2) the State of New Jersey would report the license suspension to the Register; and (3) New Hampshire would check the Register and suspend his New Hampshire driver's license, the fact remains that the defendant's unconstitutional conduct occurred entirely in New Jersey.  This is not the exceedingly rare case where a relatedness claim can be established solely through the in-state "effects of out-of-state conduct."  See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 21-22 (1st Cir. 2009) (Howard, J., concurring).  Second, the fact that a notice may have been sent to Hull at his New Hampshire address has nothing to do with the defendants' alleged constitutional violations.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998) (noting that defendant's in-state contact must give birth to the cause of action).  If the scheme described in the complaint actually occurred, the notice that Hull refers to could only have undermined

defendants' alleged plan to deprive him of his constitutional rights.  Thus, it doesn't qualify as a relevant contact for purposes of establishing relatedness.  See id.

Because Hull has failed to make out a prima facie case of relatedness, the court lacks personal jurisdiction over his claim and the complaint must be dismissed.

### III.   CONCLUSION

Defendants' motion to dismiss (Doc. No. 10) is granted. The clerk shall enter judgment and close the case accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 22, 2011

Cc:   Edward C. Mosca, Esq.
      Catherine M. Costanzo, Esq.
      Thomas E. Monahan, Esq.